## PHIL BARNES v. STATE.

No. A-1815.  Opinion Filed October 25, 1913.

(135 Pac. 944.)

APPEAL—Judgment. This court will not reverse the judgment of the trial court for lack of evidence where there is competent evidence in the record reasonably tending to sustain the judgment.

*Appeal from County Court, Oklahoma County;
John W. Hayson, Judge.*

Phil Barnes was convicted of a violation of the prohibition law, and appeals. Affirmed.

*Charles H. Ruth,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of conviction upon an information charging the defendant with an unlawful sale of whisky. The verdict, omitting formal parts, was as follows:

"We, the jury, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged

in the information, and assess his punishment at imprisonment in the county jail for thirty days, and to pay a fine of $50.00. We, the jury, would respectfully recommend to the court that you suspend the jail sentence if possible."

The judgment and sentence was entered May 24, 1912.

The prosecution gave in evidence the testimony of S. J. Fagin as follows:

"On January 10th I went into 101½ Reno street, and bought a bottle of whisky from the defendant, paid him 50 cents for it, and arrested him. Charles Miller was with me; he is now in Alabama. Marked the bottle for identification, and gave it to the county attorney. Was a deputy constable and an enforcement officer employed by the World's Faith Missionary Association of Shennandoah, Iowa, and was paid by a man down in Texas."

J. C. Gilmore testified that he was a deputy constable and an enforcement officer employed by the Ministerial Alliance, the Civic League, and the Anti-Saloon League, and the county attorney; that he sent the complaining witness to this place on January 10th.

Defendant, as a witness on his own behalf, testified that he was a carpenter by trade, and was in the place on Reno street when the complaining witness came in and asked "if we had any whisky, and I told him that I did not have anything to do with the place, and had no whisky"; that "he called me out, and arrested me, and brought me to the courthouse"; that he had never been charged with having violated any criminal laws before.

William Housh testified that he was in the place when Mr. Fagin and another man came in; that Fagin and the defendant went into the back room; that he did not see any whisky sold by the defendant to the complaining witness.

The only question presented goes to the merits of the case. It is claimed by defendant's counsel that the evidence does not warrant the conviction. We think there is enough evidence to support the conviction, and, this being the case, the jury were the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. It is no more the province

of this court than of the trial court to determine controverted questions of fact arising upon conflicting evidence. Neither can lawfully usurp the appropriate functions of the jury, and neither can substitute its own judgment for that of the jury, where it appears that the defendant had a fair and impartial trial.

Upon a careful consideration of the record, we discover no ground for disturbing the judgment. It is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.